Booth, Judge,

reviewing the facts found to be establishéd, delivered the opinion of the court:
This is a suit to recover the amount retained by the defendants because of an alleged delay in the performance of the contract and for damages for breach of contract by the defendants.
The contract covered certain detail construction, set forth in the findings, for the Army War College Building at Washington, D. C. The discussion of the case is confined to paragraph 31 of the specifications. This specification appears in Finding III, as follows:
“ The contractor will be required to commence work under the contract as soon as the building is ready for him, to prosecute it with faithfulness and energy, and to complete it within two months after the building is ready for the last of his work.”
The defendant was constructing the major portion of the building by day labor under the supervision of Capt. Sewell, Corps of Engineers, United States Army. The claimant company’s work was not to commence until the building had assumed certain proportions indispensable to its going ahead. It was well understood by the contracting parties that building operations were to be conducted by both simultaneously in so far as it could be reasonably done, so that no unnecessary delay occurred. When one part of the building, or such a portion of one part upon which the claimant was obligated to work, was sufficiently completed *118 to accommodate its workmen, it was fully understood, and both parties so acted, that the work would be done.
While the contract of the claimant was not a large one, yet its performance depended absolutely upon the celerity of performance of its share of the work by the defendant. The building was not completed until 1907. The contract was silent as to any specific dates. Nothing appears of record upon which the court can hinge a positive beginning or ending except the implied obligation to perform within a reasonable time, and the two months’ period subsequent to the time the building is ready for the last of the contractor’s work. Another contractor was doing work upon the completion of which claimant’s contract depended more or less, thus adding indefiniteness to a situation already quite uncertain and indeterminate.
The claimant company predicates its bill of damages for an alleged delay upon the part of the defendant, first, upon defendant’s method of conducting its work, asserting that it was unreasonable and unworkmanlike; second, upon defendant’s negligence in allowing three derricks to remain in three different parts of the building an unreasonable length of time; third, that defendant breached the contract by unreasonably delaying the performance of its work upon which claimant’s contract depended; and, lastly, upon the method employed in making the deduction for claimant’s alleged delay.
There was nothing in the contract which in any manner prescribed the method or manner of doing the work in detail, in so far as the defendant is concerned. To challenge the correctness of its procedure, evidence is introduced tending to support the contention that both expense and time could have been materially saved if the contractor had not been required to begin work on the east and west wings of the building until the defendant had entirely completed the same. The testimony on this point is hypothetical. What might have been saved is conjectural, it is impossible of ascertainment, and much too uncertain to ascribe to a method of procedure the correctness of which is at least debatable.
*119 The continued and prolonged presence of at least two of the three derricks in the building was a distinct hindrance to the claimant. The court has taken into consideration this feature of the case in the allowance of the sum deducted from claimant’s compensation as fixed in the contract. We would, if possible, allow damages, but find no basis for their computation. The claimant continued to prosecute its work with a commendable faithfulness and energy despite these obstructions, and it is a mere matter of opinion to say that because of this difficulty the cost of labor alone was increased 33-J- per cent. There is nothing in the record upon which the court can rest a judgment for this claim aside from mere conjecture. As before observed, the claimant continued with his work; what might have, been the result in the absence of this condition is problematical, a subject upon which there is a wide variance of opinion in this very case. The damages in any event under this record could be no more than- nominal.
The contract in suit fixed no limitations upon the defendant. The time of the contractor was alone circumscribed. While an implied obligation arises holding the defendant to a performance of its contract within a reasonable time, the difficulty confronting the courts in such a case is the ascertainment of what, in the absence of a gross violation of the contract, constitutes a reasonable time. Defendant and interdependent contractors are engaged upon a mutual undertaking with the owner in the construction of a building the progress and completion of which depends upon the faithfulness and energy of each. At its close allegations of delay in the final completion are made in which each separate party ascribes and proves some portion of the delay to have been caused by the other. Tinder such circumstances the courts decline to apportion the fault or ascertain the respective quantum of delay. The contractor undoubtedly delayed the defendant in the matter of porous tiles, while it may be said in extenuation of this fault that it was ascribable entirely to a change of plans. Nevertheless, the change made was in accord with the written contract and fully within the power and authority of the defendant to make.
*120 As was well said in Jefferson Hotel Co. v. Brumbaugh, 168 Fed., 867, 875:
“ Courts can not know of these conditions as they actually existed at the time, and the evidence would be very unsatisfactory, taken months after, that would attempt to set forth all such conditions. Therefore the courts have laid down a very salutary rule to the effect that they will not attempt to apportion such delays where the causes thereof have been mutual, but will refuse under such circumstances to enforce the penalty.”
There is nothing before us sustaining a gross violation of the contract, and most certainly nothing upon which we could by any possible means, fix limitations within the zone of reasonableness or unreasonableness. On the contrary, the case is one involving mutual delays not susceptible of apportionment and incapable of reduction to a pecuniary basis.
From what we have heretofore said, as well as upon the authority of the case of the Warren-Ehret Co. v. United, States, No. 30250, the last item of the claim results in judgment for the claimant for the full amount retained by the defendant because of claimant’s alleged delay. The computation indulged to ascertain this amount is interestingly novel as well as conjectural. It is in fact of such doubtful accuracy that the officer making it could give it no greater commendation than to say that “ damage of this kind * * * difficult to estimate with exactness, and still more difficult to prove.”
Judgment for claimant company for $1,778.62. It is so ordered.