Hay, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover the sum of $26,618.71 from the United States.
The plaintiff on June 7, 1919, entered into a contract with the United States whereby it agreed to perform the labor to complete the construction of a balloon hangar at Langley Field, Hampton, Va., for the lump sum of $55,000. The plaintiff also agreed in said contract, in addition to the labor, to furnish all necessary labor and material for the construction of facilities and accessories in connection with said hangar which might be required by the contracting officer at the exact cost of such labor and material plus 7 per cent thereon of profit. Under the terms of the contract the same was to be completed within 90 days from the date of the contract, which required the contract to be completed on or before September 7, 1919.
The contract was not completed until March 25, 1920, 291 days from the date of the contract.
The plaintiff bases its claim for damages upon the alleged delays of the Government in furnishing the materials which it agreed to furnish. These damages are made up of numerous items which are set forth in the petition of the plaintiff.
The first item of damages claimed is the sum of $3,721.34, expenses in its New York office. This amount the plaintiff claims was expended on the contract in suit from September 7, 1919, to March 25, 1920, and was made necessary by the alleged delay of the Government in furnishing materials *350 for the performance of the contract. In the first place, it is not shown that this expenditure was all made with relation to the contract in suit, nor does it appear that any addition was made to the regular force employed in the New York office by reason of the alleged delay. Nor is it shown with any certainty how many days the plaintiff was delayed by the Government. The expense of field organization, amounting to $5,450.59, is subject to the same objection, to wit, that the time of the delay complained of is not shown. It is true that the plaintiff claims that the entire delay in the performance of the contract was due to the Government, but this claim is not borne out by the evidence. So with the claim, $323.91, for expenses of field office.
The claim for providing living quarters and meals for employees on the work, $4,442.32, is subject to the same objection, and moreover the contract is silent on this matter. In the bid of the contractor it was stated: “We are to maintain living quarters for employees and provide food for them at our expense.”
The claim for auto service is subject to the same objection, namely, that it is based on the alleged delay of the Government, and that the time of that delay is not ascertained.
The claim for the hauling and unloading of material furnished by the Government comes in the same category, and, moreover, there was no more hauling and unloading of material because of delay than there would have been if the contract had been completed within the period prescribed by the contract.
The item set out in Finding XY is disallowed for the same reasons as given above.
The expense incurred by the plaintiff on account of the roofing, which it claims to have been $3,700.30 more than it would have cost if the original subcontractor for this work had not been put on the job at the request of the contracting quartermaster can not be charged to the Government. The plaintiff was not obliged to comply with the request or order of the contracting quartermaster; it was responsible for the work to be performed, and if it complied with the request or order did so voluntarily and can not now *351 hold the Government liable. Moreover, the plaintiff, as appears from the record, is still litigating its claim with the Benjamin Foster Co. in the courts. The amount, if any, which the plaintiff will have to pay on this account has not been ascertained.
The items allowed are set out in Findings "VII, VIII, X, XI, XII, and XIV. In these cases the plaintiff has proved definite delays caused by the Government in furnishing materials, or has shown that it performed extra labor for which it has not been paid. As to some of these items a witness for the Government testified that purchase orders had been given for them, and that those orders had been paid. But a careful examination of these purchase orders, and a comparison of them with the items claimed, leaves no doubt that the plaintiff has not been paid for the items, which we have allowed.
It appears as a fact that the plaintiff on January 27, 1920, estimated and claimed the damages which it asserted had been caused “ on account of the delay of the Government in furnishing materials for our use when required.” The plaintiff stated “We estimate the amount of this loss to be the sum of two thousand five hundred dollars and would thank you for the favor of a check covering the same.” This estimate was made by the plaintiff when it was fully advised as to what its damages were, and dum, fervet opus. If the Government had paid the amount claimed, that would have been an end of the case; and while the plaintiff is not bound by its claim then made, yet in this case where there are claims and counterclaims as to who caused the delay, and doubt as to the definite time of the delay, the estimate made by the plaintiff at the time and on the ground must be given consideration. As the evidence does show some delay on the part of the Government, and some damage done the plaintiff by reason thereof, we adopt the estimate made by the plaintiff itself, and have therefore allowed it the sum of $2,500. '
This is as far as it is possible to' go in a case where at the close of the contract both parties allege delay in the completion of the contract and neither party proves the quantum of • *352 the delay. Under such apportion the fault, nor can it undertake to ascertain what the delay was or who was responsible for it. R. Guastavino Company v. United States, 50 C. Cls. 115, 119.
A judgment will be entered for sum of $2,500. The petition as to all sums over this amount is dismissed.
It is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.