Littleton, Judge,
delivered the opinion:
Plaintiff sues upon a contract entered into in 1919 upon a unit-price basis for the construction of three miles of road in Cedar Long Valley, Utah, beginning at a point designated as station 421 and terminating at station 575.
After alleging certain changes ordered by defendant’s engineer as being departures from the plans and specifications, plaintiff alleges it suffered specific losses and prays judgment upon a cost-plus basis on the ground that all deviations from the plans and specifications were material alterations, or extras, calling for payment upon a basis of cost plus 15 per cent under the “ extra-work ” clause of the contract. Plaintiff’s claim, except as hereinafter noted, must fail, first, because it has not been shown that the acts of the defendant’s engineer, except with respect to the change in the line of road to the opposite side of the canyon and with respect to the bridge at station 444, were not within the terms of the contract and specifications; and, secondly, because of failure to submit sufficient proof to sustain the allegations upon which recovery is sought. Instead of establishing the cost of the various alleged extras and showing that they were ordered in writing, as required by the contract, the amount of recovery is based upon the alleged total expenditures of the entire work less the amount reecived from the Government. This is not the proper basis for recovery. To include all costs to plaintiff on the project, proper and improper, would place upon the Government the necessity of reimbursing it for whatever losses it incurred, notwithstanding their nature. Plaintiff is claiming under the “ extra-work ” clause of the contract and the true basis upon which it may recover, if at all, is the cost of any extras proven plus the percentage of profit stated in the contract.
*515 Plaintiff undoubtedly lost money on the contract but, except with respect to the amounts set forth in Findings VII and IX, there is complete failure on its part to prove to what extent the defendant is responsible therefor.
The two major items of the claim are (1) that the entire line of the road from the beginning was so changed as to make the work of an entirely different nature, kind, and character, in a different location, and more expensive than the work contemplated by the contract; that plaintiff was not paid for the full amount of material excavated throughout the entire length of the road, and that the surveys were so inaccurate as to make it impossible to determine the compensation due on the basis of unit prices specified in the contract; and (2) that there was a material change in the contract, plans, and specifications, in that the line of road was changed and crossed the canyon at station 526, which brought the entire work performed between this station and the end of the road under the “ extra-work ” clause of the contract.
The excess excavation over that necessary for the construction of a 12-foot road which the plaintiff includes in the amount which it seeks to recover is not shown. The defendant was not liable to pay for such excess excavations which resulted from the use of the steam shovel, and these excavations were not made in obedience to a written order.
As to this item, the contract provided that “ the contractor will be governed by such lines, grades, and measurements as may be given by the engineer in laying out the work and by the engineer’s determination of the quantities of work performed.” The survey from the beginning was so made as to permit plaintiff to use a large steam shovel in making excavations instead of hand labor, as originally contemplated. The real element underlying this item is that plaintiff did not receive pay for the quantities of material excavated beyond that necessary for a road twelve feet in width, which resulted primarily from the use of a large steam shovel. It was paid in accordance with the contract based upon the engineer’s determination of the quantities of work performed in accordance with the various items for which there was a bid price. It has not been shown that the engi *516 neer was in error or that he acted in bad faith in this regard, and his determination may not be disturbed.
As to the second item relating to the change in the line of the road to the opposite side of the canyon at station 526, we are of opinion that this constituted a material change in the contract, plans and specifications and that the plaintiff is entitled to be paid therefor in accordance with the “ extra-work ” clause of the contract to the extent that it has proven its cost, which is shown in Finding IX as $11,161.56. The facts show that this change was ordered in writing by the district engineer. Upon the cost of $11,167.56 established by the facts the plaintiff is entitled to 15 per cent under the “ extra-work ” clause of the contract, or $1,675.13.
The change in the line of road to the opposite side of the canyon, where an entirely different class of material was encountered, requiring construction of a road of an entirely different character from that provided for by the contract, plans, and specifications, was not a reasonable alteration under the contract. It was no more possible to require the plaintiff to build one-third of the road on the opposite side of the canyon from that shown by the plans and under the pay provisions of its unit bid than it would have been to require the plaintiff to build the road entirely on the opposite side of the canyon or even upon the opposite side of the two hills bordering the canyon. Freund v. United States, 260 U. S. 60; Wood v. Ft. Wayne, 119 U. S. 312. In Roettinger, Administrator of Clark, v. United States, 26 C. Cls. 391, this court held that the wholesale substitution of one element of a contract and the suspension of another element, both of which had been the subject of consideration in the making of the unit bid, constituted a substantial and structural alteration. See, also, Salt Lake City v. Smith, 104 Fed. 457; Plum Bayou Levee v. Roach, 174 Fed. 949.
With reference to the bridge constructed across Cedar Creek at station 444, it appears that a change was ordered in writing by the engineer, directing a change from abutments of cement rubble masonry to piers of dressed dimension stone laid in layers on courses. This was extra work not covere'd by the contract, and the additional cost thereof, *517 plus 15 per cent, for which the plaintiff has not been paid, amounts to $3,141.22. Plaintiff is entitled to judgment for this amount.
The facts establish that the delay in completion of the work beyond the contract period was largely due to acts of the defendant. Under the contract the plaintiff was liable for the cost of maintaining the defendant’s engineering field and office force only if by its acts causing delay there resulted a failure to complete the work within the contract period. Where one party to a contract demands strict performance as to time by the other he must comply with all the conditions requisite to enable the other party to perform his part, and the failure on the part of the one demanding performance to do all required by it to enable the other party to complete the work within the time limit operates as a waiver of the time provisions of the contract. Ittner v. United States, 43 C. Cls. 336; New Jersey Foundry & Machine Co. v. United States, 44 C. Cls. 178; Guastavino Co. v. United States, 50 C. Cls. 115; Harris Structural Steel Co. v. United States, 61 C. Cls. 339; Hotel Co. v. Brumbaugh, 168 Fed. 867; District of Columbia v. Camden Iron Works, 181 U. S. 453; United Engineering & Contracting Co. v. United States, 47 C. Cls. 489, 234 U. S. 236. In these circumstances the penalty of $2,453.19 should not have been exacted by the defendant from the plaintiff.
Judgment in favor of the plaintiff for $7,269.54 will be entered. It is so ordered.
Whaley, Judge; Williams, Judge; GReen, Judge; and Booth, Chief Justice, concur.